IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADILSON DE OLIVEIRA, individually and on behalf of all other persons similarly situated who were employed by E ANDRE CONSTRUCTION SERVICES INC., aka E ANDRE CONSTRUCTION SERVICES, LLC, MEKY PAYROLL SERVICES, and/or any other entities affiliated with, controlling, or controlled by E ANDRE CONSTRUCTION SERVICES INC., aka E ANDRE CONSTRUCTION SERVICES, LLC, MEKY PAYROLL SERVICES, EDWARD ANDRE, individually, and ELANA MATOS, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>E ANDRE CONSTRUCTION SERVICES INC., aka E ANDRE CONSTRUCTION SERVICES, LLC, MEKY PAYROLL SERVICES, and/or any other entities affiliated with, controlling, or controlled by E ANDRE CONSTRUCTION SERVICES INC., aka E ANDRE CONSTRUCTION SERVICES, LLC, MEKY PAYROLL SERVICES, EDWARD ANDRE, individually, and ELANA MATOS, individually,<br><br>Defendants. | Civil Action No.: 3:22-cv-06330<br><br>FINAL ORDER APPROVING SETTLEMENT |

This matter having come before the Court on September 18, 2024, upon Plaintiffs' unopposed Motion for Final Approval of the Rule 23 Class and FLSA Collective Action Settlement and final certification of FLSA Collective for Settlement Purposes, as well as Plaintiffs' unopposed motion for attorneys' fees and costs and approval of a service award to Named Plaintiff and, and upon review and considerations of the Stipulation and Settlement and Release Agreement ("Agreement") filed with the Court on February 28, 2024 [DE 27-1], the evidence and

1

arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court,

**IT IS HEREBY ORDERED** and adjudged as follows:

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action as reflected in the terms of the Agreement, except as modified herein, is hereby finally approved as fair, reasonable and adequate settlement of this action in light of the factual legal, practical and procedural considerations raised by this action. The Agreement, except as otherwise modified herein, is hereby incorporated by reference into this Final Order and Judgment approving settlement, certifying the settlement class, certifying the FLSA collective, awarding attorneys' fees and costs, awarding service awards to named plaintiffs and dismissing the action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as the Agreement.

## FINAL ORDER AND JUDGMENT

On or about October 28, 2022, Named Plaintiff Adilson De Oliveira ("Named Plaintiff") commenced the above-captioned class action lawsuit (the "Lawsuit") against Defendants E Andre Construction Services, LLC, Meky Payroll Services, and/or any other entities affiliated with, controlling, or controlled by E Andre Construction Services, INC., aka E Andre Construction Services, LLC, Meky Payroll Service, Edward Andre, individually, and Elana Matos, individually, (collectively referred to as "Defendants") [DE1].

Named Plaintiff commenced this Lawsuit against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b) and New Jersey Statutes §§34:11-56a4 *et seq.*, and §§34:11-56.25, *et. seq.*, to recover unpaid overtime compensation and unpaid prevailing wages allegedly owed to Named Plaintiff and all similarly situated persons employed by Defendants

2

in the concrete labor industry ("Plaintiffs"). Within months of the Complaint being filed in this matter, a second Plaintiff, Rafael Diaz ("Class Representative") filed his Consent to Join this Lawsuit [DE 12]. Throughout the litigation, like Named Plaintiff, Class Representative has been instrumental in providing assistance in the prosecution of this matter.

Defendants denied and continue to deny any and all liability alleged in the Lawsuit.

The Parties began active settlement discussions shortly after the Complaint was filed on October 28, 2022. In the interest of avoiding further litigation and the inherent risks regarding same, the parties agreed to exchange initial and supplementary documents and information that were to be used for settlement purposes only after formal discovery was propounded. Responsive to that discovery, Defendants produced voluminous time and payroll records, including, but not limited to, the Plaintiffs' payroll records; their pay summaries; and Defendants' weekly handwritten calendars with job and employment information. The aforementioned documents delineated most of the Plaintiffs' actual time worked, and the hours and compensation paid.

Plaintiffs created two spreadsheets for the years worked by Plaintiffs which, amongst other things, delineated Plaintiffs' time worked as reflected in documents provided by the Plaintiffs as well as documents provided by Defendants. Extensive creation, revision, and analysis of these spreadsheets revealed significant discrepancies between the data in Plaintiffs' possession and the Defendants' data. In light of the disputes regarding the value of settlement as well as a class settlement, it was clear that the Parties needed the services of an experienced mediator to assist in attempted claim resolution.

On December 6, 2023, after contentious and lengthy mediation, the Parties finally agreed to a resolution of the matter. Of note, the settlement encapsulated not only the putative class of construction workers that worked for Defendants for a three-year statute of limitations, but rather a 6-year statute of limitations for those that worked for Defendant during the three years

3

preceding the filing of the Complaint in this matter. The Parties' negotiations resulted in Defendants' agreement to Conditional Certification of a class of "All persons employed by Defendants from January 1, 2019 through December 31, 2023 as a mason, laborer or other construction related trade for Defendants. The covered period for those employees that are members of the class is October 28, 2016 through December 31, 2023. These terms were memorialized in a term sheet, agreed to and executed by the parties.

Thereafter, the Parties drafted and revised a settlement agreement, as well as agreed to and drafted the form and substance of a proposed Notice of Lawsuit ("Notice") and a Consent to Join form, which were, after preliminary court approval of the settlement, sent to the putative class members, providing them an opportunity to join this settlement in this matter.

On February 28, 2024, the parties filed a Joint Motion for Preliminary Approval of Class and Collective Action Settlement and Memorandum in Support thereof, as well as the Stipulation and Settlement and Release Agreement, a proposed Notice of Class and Collective Action Settlement and Consent to Join Lawsuit, for the Court's Preliminary Approval. [DE 27].

On April 17, 2024, after consideration of the papers submitted by the parties in support of preliminary approval, the Court entered an Order of Preliminary Approval of the Class Action Settlement [DE 29].

On September 13, 2024, the Plaintiffs submitted their unopposed motion for final approval of the class and collective action settlement, approval of attorneys' fees and costs and service as well as awards to the Named Plaintiff and Class Representatives.

On September 18, 2024, at 11:00 a.m. EST, a fairness hearing was held pursuant to Rule 23 to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The parties now request final certification of the FLSA collective action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective") and settlement class under Rule 23 and final approval of the proposed class action settlement (collectively referred to as "Class Members").

The Court has read and considered the Agreement and papers submitted in support of final approval, and finds as follows:

1. This Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2. Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. Pro., Rule 23, the Lawsuit is hereby certified as a class and collective action on behalf of all individuals who worked for Defendants from October 28, 2016, through December 31, 2023 as a mason, laborer or other construction related trade and submitted timely consent to join forms with the Court.

3. The Court finds that the FLSA Collective members are similarly situated in that they all worked for Defendants, were all subject to the same pay practices, and all seek the same relief, unpaid overtime compensation.

4. The approved class action settlement notices were mailed to Class Members in conformity with this Court's preliminary approval order, satisfying the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

5. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of

collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for the class.

      6.    The Agreement shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof. The material terms of the Agreement include, but are not limited to, the following:

> i.    All Qualified Class Members shall be compensated based upon their proportional share of Eligible Workweeks and their final rate of pay during the Covered Period. To the extent records are incomplete, the number of weeks worked shall be estimated based upon the available records and agreed to and approved by counsel for both Parties. The proportional share of weeks will be calculated as the number of weeks worked divided by the total number of weeks worked by Plaintiff and all Class Members. Their proportional share of weeks shall be given weight based on the weighted average of pay as follows:
>
> ii.    If the final rate of pay is less than $30.00 per hour, their number of weeks is multiplied by a factor of 1;
>
> iii.    If the final rate of pay is at least $30.00 per hour, their number of weeks shall be multiplied by a factor of 1.5.
>
> iv.    An IRS Form W2 shall issue 50 % of the settlement funds to class members representing wages, and an IRS Form 1099 shall issue for 50% of the settlement to class members.
>
> v.    An IRS 1099 Form shall be issued for all service awards.

      7.    Class Counsel shall be awarded attorneys' fees and costs in the amount of $215,000.00.

      8.    For services rendered on behalf of the Lawsuit and Class, Named Plaintiff Adilson De Oliveira shall be awarded $10,000.00 and Class Representative Rafael Diaz shall be awarded $10,000.00. These service awards are in addition to any settlement amounts that the

Named Plaintiff and Class Representative are eligible to receive pursuant to the Agreement as members of the Rule 23 Class and FLSA Collective.

9. The Claims Administrator shall receive Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), which shall be paid out of the Gross Settlement Fund;

10. Within thirty (30) days of the Final Approval, the Claims Administrator shall mail all payment to Plaintiff, Class Members and wire all attorneys' fees and costs to Class Counsel.

11. In the event that not all funds are used to satisfy all payments as required, the remaining funds shall revert back to Defendants. The Reserve Fund shall remain in escrow for six (6) months from the date of the first payment made to any claimant or the Jaffe Glenn Group, whichever occurs first, with any unallocated portion to revert back to Defendants thereafter.

12. The Class Members were given an opportunity to object to or opt-out of the settlement. No Class Members objected or opted-out to the Settlement.

13. This order is binding on all Rule 23 Class Members.

14. The Named Plaintiff, Rule 23 Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually, as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

15. This Lawsuit is hereby dismissed without prejudice against Defendants pending full payment of the Final Settlement Amount. Upon the full payment of the Final

Settlement Amount, all Released Class Claims shall be dismissed against Defendants with prejudice in accordance with the terms and conditions of the Agreement.

13. This order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement and consummation of the settlement and this order.

SO ORDERED THIS 18th DAY OF September 2024.

Hon. Tonianne J. Bongiovanni, U.S.M.J